# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KENNETH STONE, | Case No.: 3:24-cv-00502-ART-CLB |
| Plaintiff, | **ORDER TO FILE CASE MANAGEMENT REPORT** |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY dba STATE FARM INSURANCE, et al., | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 16, United States Magistrate Judge Carla Baldwin concludes that a Rule 16 Case Management Report will assist the parties, counsel, and the Court in managing and overseeing discovery in this matter. Upon receipt of joint report, the Court will determine whether a case management conference should be set to assist in managing discovery.

Therefore, IT IS HEREBY ORDERED that:

**A. Meet and Confer**

The parties shall meet and confer on items required to be included in the Joint Case Management Report.

**B.   Joint Case Management Report**

After the meet and confer, the parties shall file a Joint Case Management Report by no later than **Monday, December 30, 2024**. The Case Management Report shall not exceed fifteen (15) pages and shall not include any attached exhibits.

However, if any party fails to participate in preparing the Joint Case Management Report, the non−offending party shall detail the party's effort to get the offending party to participate in drafting the report. The non-offending party shall still file the report. The offending party may be subject to sanctions, including monetary sanctions to compensate the non−offending party's time and effort incurred in seeking compliance with this order.

**C. Contents of Joint Case Management Report**

The Joint Case Management Report shall include the following information in separately numbered paragraphs as designated below:

1.     A short statement of the nature of the case (three pages or less), including a description of each claim and defense;

2.     The jurisdictional bases for the case, citing specific jurisdictional statutes. If jurisdiction is based on diversity, the citizenship of each party shall be identified and the amount in controversy must be stated;

3.     Whether any party expects to add additional parties to the case or otherwise amend the pleadings;

4.     Whether there are any pending motions, including a brief description of those motions;

5.     Whether this case is related to any other case pending before this court or any other court, including a bankruptcy court, and if so, provide a brief description of the status of those case(s);

6.     A complete and detailed statement related to discovery, which addresses the following issues:

a)     The date the Rule 26(f) initial disclosures were provided, or will be provided, by each party;

b)  A brief statement regarding, what discovery requests have been served by any party, who the requests were served upon, and the due dates for    responses  to those requests;

c)  Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information;

d)     Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery;

e)     Whether the parties anticipate the need to take discovery outside of the

District of Nevada or the United States and, if so, a description of the proposed discovery; and,

  f)  A summary of the number of depositions each party anticipates taking, information related to the anticipated location of those depositions, and whether any party anticipates video and/or sound recording of depositions.

  7.  A brief statement regarding the types of ESI expected in the case, where the ESI is located, a statement of any agreements reached by the parties related to ESI on the issues listed above, and any outstanding disagreements between the parties related to ESI.

  8.  In the event the Court has not already approved a discovery plan and scheduling order, the parties shall include proposed firm dates for each of the following pursuant to Local Rule 26-1:

  a)  A deadline for the completion of discovery;

  b)  A deadline for amending the pleadings and adding parties;

  c)  Dates for complete disclosure of expert testimony;

  d)  A deadline for the filing of dispositive; and,

  e)  A date by which the parties will file the joint pretrial order.

  The parties shall state whether the dates proposed in this paragraph are within the deadlines specified in LR 26-1(b). If so, then the parties' report shall state, "THE DEADLINES SUBMITTED HEREIN ARE IN COMPLIANCE WITH LR 26-1(b)."  If longer deadlines are sought, the parties' report shall state "SPECIAL SCHEDULING REVIEW REQUESTED." If the parties request special scheduling review of the LR 26-1(b) deadlines, the parties shall include a statement of the reasons why longer or different time periods should apply to the case. If the parties disagree as to the LR 26-1(b) deadlines, a statement of each party's position on each point of dispute should be provided.

  9.  Whether a jury trial has been requested, whether the request for a jury trial is contested (if the request is contested, set forth reasons), and an estimated length for trial.

10.    A statement as to the possibility of settlement and when the parties desire a court sponsored settlement conference, i.e., before further discovery, after discovery, after dispositive motions, etc.

11.    Whether the parties intend to proceed before the magistrate judge. Presently, when a civil trial is set before the district judges, any criminal trial set that conflicts with the civil trial will take priority, even if the civil trial was set first. Continuances of civil trials under these circumstances may no longer be entertained, absent good cause, but the civil trial may instead trail from day to day or week to week until the completion of either the criminal case or the older civil case. The parties are advised that they are free to withhold consent or decline magistrate jurisdiction without adverse substantive consequences.[1]

12.    Whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pre−trial motions or trial.

13.    Whether either party requests that a case management conference be set in the case.

The parties are reminded that the filing of a dispositive motion does not stay a case in federal court, nor does it excuse the parties with proceeding with their discovery obligations as required by the Local Rules and the Federal Rules of Civil Procedure. Failure to follow the Local Rules and comply with discovery obligations without first obtaining an order from the Court either delaying discovery requirements, staying discovery or staying the entire case may result in sanctions.

/ / /

/ / /

/ / /

---

[1]    A form to be used for consent to proceed before the Magistrate Judge may be found on the Court's website, www.nvd.uscourts.gov/court-information/forms/ (AO 85, Notice, Consent, and Reference of a Civil Action to a Magistrate Judge). Consent forms should NOT be electronically filed. Upon consent of the parties, the form shall be sent directly to clerk's office for processing.

Should counsel or a party fail to comply with the directions as set forth above, an *ex parte* hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered.

**IT IS SO ORDERED.**

**DATED**: November 13, 2024

_____
**UNITED STATES MAGISTRATE JUDGE**